IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| ERIC CHURCH ) | Case No. 3:12-cv-00263 |
| Plaintiff, ) | |
| ) | JUDGE NIXON |
| v. ) | |
| ) | Magistrate Judge Griffin |
| JAMES ELLIS SMITH, KENNETH ) | |
| HARGROVE, JAMES B. SWEET, ) | |
| STEVEN WILLIAMS, VARIOUS ) | |
| JOHN DOES, VARIOUS JANE DOES, ) | |
| and VARIOUS XYZ CORPORATIONS, ) | |
| ) | |
| Defendants. ) | |

## TEMPORARY RESTRAINING ORDER
## AND ORDER OF SEIZURE OF INFRINGING GOODS

This Motion comes before the Court on Plaintiff's Motion for a Temporary Restraining Order and Application for an Order authorizing the seizure of Infringing Goods. Based on the Verified Complaint, Local Rule 65.01 Attorney Certification in Support of *Ex Parte* Motion for Temporary Restraining Order and Application for Seizure Order, and the Supporting Memorandum, the Court finds the Motions are well-taken. The Court makes the following findings of fact and conclusions of law and grants Plaintiff's Motion for Temporary Restraining Order and Application for Order of Seizure of Infringing Goods:

1. Plaintiff owns and controls the trademarks ERIC CHURCH and CHIEF. Plaintiff's trademarks are distinctive and highly recognized by the public.

2. Defendants are not licensed or otherwise authorized by Plaintiff to use Plaintiff's Trademarks or Plaintiff's name and likeness.

3. Plaintiff has established that Defendants have been and will be present on the premises or within a five-mile radius of the venues where Plaintiff will perform during his live

performances in 2012, including each of the venues identified in Exhibit A ("Venues"). Plaintiff has further established that Defendants have manufactured, distributed, offered for sale, and actually sold merchandise that bears Plaintiff's trademarks and/or Plaintiff's name and likeness. Plaintiff has further established that Defendants are not licensed or authorized Defendants to sell such merchandise.

4. Defendants' distribution, offering for sale, and sale of the aforementioned products will cause consumer confusion or mistake and be likely to deceive consumers. Defendant's conduct also constitutes false designation of origin under 15 U.S.C. § 1125(a).

5. Under 15 U.S.C. § 1116 and Tenn. Code Ann. § 47-25-1106, this Court has the power to grant an *ex parte* seizure Order for goods that infringe Plaintiffs' Trademarks, that misappropriate Plaintiff's name and likeness and inappropriately suggest Plaintiff's authorization or endorsement of Defendants' inferior infringing goods.

6. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin violations of 15 U.S.C. §§ and 1125(a) and (c).

7. This Court has the power under Rule 65 of the Federal Rules of Civil Procedure, and under the All Writs Act, 28 U.S.C. § 1651, to grant an *ex parte* seizure order for infringing goods.

8. No order other than an *ex parte* seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1116 and 1125(a) and(c) and/or Tenn. Code Ann. §§ 47-25-1105 and 1106.

9. Plaintiff is likely to succeed on the merits in showing that Defendants have used and, unless enjoined, will continue to use infringing marks and/or cause confusion as to the

2

affiliation, connection, or association of Plaintiff's merchandise with Defendants' Infringing Goods.

10. Notice of this Motion need not be given to Defendants prior to an *ex parte* hearing because: (a) the identities and whereabouts of certain Defendants are currently unknown; (b) many of the Defendants have no business identity or stable place of business before or after Plaintiff's concert performances and cannot be identified; and (c) Defendants who can be located and identified, and if notified, likely will cause the immediate concealment or destruction of infringing goods.

11. Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant an *ex parte* restraining and seizure order.

12. Infringing goods and other materials subject to this Order likely will be located on the premises or within a five-mile radius of the venues for Plaintiff's 2012 live performances.

13. Should this Court not grant the requested relief, the harm to Plaintiff clearly outweighs any harm that Defendants may suffer if the relief is granted.

It is accordingly ORDERED and ADJUDGED that:

1. Defendants, along with their partners, associates, agents, servants, employees, and representatives, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge of this Order are, temporarily ENJOINED and RESTRAINED from:

   a. manufacturing, distributing, offering to distribute, offering for sale, or selling any merchandise and products that bear marks, words and/or names identical or confusingly similar to, or are infringements of, Plaintiff's trademarks, name and likeness;

    b.    representing by any method that the merchandise they sell is sponsored, authorized, manufactured, sold or licensed by Plaintiff; and

    c.    otherwise taking any action likely to cause confusion, mistake or deception as to the origin of the goods.

2. Any U.S. Marshal, the local and state police or sheriff, off-duty officers of the same, authorized agents of Plaintiff and/or any persons acting under their supervision ("Enforcement Officials") may seize and maintain in their custody and control any and all infringing goods and infringing marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating to the infringing goods, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such infringing goods and infringing marks possessed by Defendants, or located in or on any containers, vessels, storage areas or motor vehicles. Enforcement officials in accomplishing any seizure pursuant to this Order shall comply with all applicable laws.

3. Enforcement Officials are authorized to carry out the foregoing on the premises or within a five-mile radius of any venue where Plaintiff will perform live concert events that will be occurring at any time during the duration of this Order, from twenty-four hours before each concert begins and until twenty-four hours following the completion of each performance listed in Exhibit A.

4. All infringing goods, all records, and any other materials seized hereunder shall be delivered to the custody of the Court. The seized goods shall be kept in identifiable containers and stored at Plaintiff's expense.

4

Case 3:12-cv-00263   Document 2-1   Filed 03/13/12   Page 4 of 6 PageID #: 189

Case 3:12-cv-00263   Document 7   Filed 03/23/12   Page 4 of 6 PageID #: 199

5. Simultaneously with any seizure pursuant to the terms of this Order, or as soon as is practical under the circumstances, each named Defendant shall be served with a copy of (i) this Order and (ii) a Summons and the Verified Complaint in this action.

6. This Order is being issued without notice to protect Plaintiff from irreparable injury to his trademarks, name and goodwill that may arise if Defendants should dissipate or transfer to any third party any of the goods that are the subject of this Order.

7. Defendants shall cooperate with Enforcement Officials who are executing seizure pursuant to this Order and shall provide items sought to be seized wherever such items are located.

8. Persons who have had goods seized pursuant to this Order are required to provide the persons executing this Order with correct names, residential and business addresses, telephone numbers, and other identifying information.

9. Plaintiff shall post security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $ 10,000.00 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

10. Unless extended by the Court, the temporary restraining order shall become valid upon the posting of bond and shall expire ten (10) business days after the issuance of this Order.

11. IT IS FURTHER ORDERED that a hearing on Plaintiff's Motion for Preliminary Injunction shall be set by the District Judge to whom this case is assigned.

5

Case 3:12-cv-00263   Document 2-1   Filed 03/13/12   Page 5 of 6 PageID #: 190
Case 3:12-cv-00263   Document 7   Filed 03/23/12   Page 5 of 6 PageID #: 200

Entered this 21st day of March, 2012 at 02:45 p.m.

_____
U.S. DISTRICT COURT JUDGE