IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
IN NASHVILLE

| | |
|---|---|
| ERIC CHURCH ) | Case No. 3:12-cv-00263 |
| Plaintiff, ) | |
| ) | JUDGE NIXON |
| v. ) | |
| ) | Magistrate Judge Griffin |
| JAMES ELLIS SMITH, KENNETH ) | |
| HARGROVE, JAMES B. SWEET, ) | |
| STEVEN WILLIAMS, VARIOUS ) | |
| JOHN DOES, VARIOUS JANE DOES, ) | |
| and VARIOUS XYZ CORPORATIONS, ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE OF INFRINGING GOODS

This Motion came before the Court on Plaintiff's Motion for a Preliminary Injunction and Application for an Order authorizing the seizure of Infringing Goods. Based on the Verified Complaint, Motion for Preliminary Injunction, the argument of counsel and Application for an Order of Seizure of Infringing Goods and the Supporting Memorandum, the Court finds the Motions are well-taken. The Court makes the following findings of fact and conclusions of law and grants Plaintiff's Motion for Preliminary Injunction and Application for Order of Seizure of Infringing Goods:

1. Plaintiff owns and controls the trademarks ERIC CHURCH and CHIEF. Plaintiff's trademarks are distinctive and highly recognized by the public.

2. Defendants are not licensed or otherwise authorized by Plaintiff to use Plaintiff's Trademarks or Plaintiff's name and likeness. Defendants did not appear in Court for the hearing on May 17, 2012.

3. Plaintiff has established that Defendants have been and will be present on the premises or within a five-mile radius of the venues where Plaintiff will perform during his live performances in 2012, including each of the venues identified in Exhibit A ("Venues"). Plaintiff has further established that Defendants have manufactured, distributed, offered for sale, and actually sold merchandise that bears Plaintiff's trademarks and/or Plaintiff's name and likeness. Plaintiff has further established that Defendants are not licensed or authorized Defendants to sell such merchandise.

4. Defendants' distribution, offering for sale, and sale of the aforementioned products will cause consumer confusion or mistake and be likely to deceive consumers. Defendant's conduct also constitutes false designation of origin under 15 U.S.C. § 1125(a).

5. Under 15 U.S.C. § 1116 and Tenn. Code Ann. § 47-25-1106, this Court has the power to grant a seizure Order for goods that infringe Plaintiffs' Trademarks, that misappropriate Plaintiff's name and likeness and inappropriately suggest Plaintiff's authorization or endorsement of Defendants' inferior infringing goods.

6. Under 15 U.S.C. § 1116(a), this Court has the power to enjoin violations of 15 U.S.C. §§ and 1125(a) and (c).

7. This Court has the power under Rule 65 of the Federal Rules of Civil Procedure, and under the All Writs Act, 28 U.S.C. § 1651, to grant a seizure order for infringing goods.

8. No order other than a seizure order would adequately achieve the objectives of the Lanham Act, 15 U.S.C. §§ 1116 and 1125(a) and(c) and/or Tenn. Code Ann. §§ 47-25-1105 and 1106.

9. Plaintiff is likely to succeed on the merits in showing that Defendants have used and, unless enjoined, will continue to use infringing marks and/or cause confusion as to the

2

Case 3:12-cv-00263   Document 22-1   Filed 05/17/12   Page 2 of 5 PageID #: 228
Case 3:12-cv-00263   Document 23   Filed 05/18/12   Page 2 of 5 PageID #: 233

affiliation, connection, or association of Plaintiff's merchandise with Defendants' Infringing Goods.

10. Plaintiff will suffer immediate and irreparable injury and will have no adequate remedy at law if this Court declines to grant the preliminary injunction and seizure order.

11. Infringing goods and other materials subject to this Order likely will be located on the premises or within a five-mile radius of the venues for Plaintiff's 2012 live performances.

12. Should this Court not grant the requested relief, the harm to Plaintiff clearly outweighs any harm that Defendants may suffer if the relief is granted.

It is accordingly ORDERED and ADJUDGED that:

1. Defendants, along with their partners, associates, agents, servants, employees, and representatives, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge of this Order are, ENJOINED and RESTRAINED from:

> a. manufacturing, distributing, offering to distribute, offering for sale, or selling any merchandise and products that bear marks, words and/or names identical or confusingly similar to, or are infringements of, Plaintiff's trademarks, name and likeness;
>
> b. representing by any method that the merchandise they sell is sponsored, authorized, manufactured, sold or licensed by Plaintiff; and
>
> c. otherwise taking any action likely to cause confusion, mistake or deception as to the origin of the goods.

2. Any U.S. Marshal, the local and state police or sheriff, off-duty officers of the same, authorized agents of Plaintiff and/or any persons acting under their supervision

3

Case 3:12-cv-00263 Document 22-1 Filed 05/17/12 Page 3 of 5 PageID #: 229
Case 3:12-cv-00263 Document 23 Filed 05/18/12 Page 3 of 5 PageID #: 234

("Enforcement Officials") may seize and maintain in their custody and control any and all infringing goods and infringing marks, and the means of making them, and records documenting the manufacture, sale or receipt of things relating to the infringing goods, in the possession, dominion or control of Defendants, their agents or persons acting in concert or participation with them, including all such infringing goods and infringing marks possessed by Defendants, or located in or on any containers, vessels, storage areas or motor vehicles. Enforcement officials in accomplishing any seizure pursuant to this Order shall comply with all applicable laws.

3. Enforcement Officials are authorized to carry out the foregoing on the premises or within a five-mile radius of any venue where Plaintiff will perform live concert events that will be occurring at any time during the duration of this Order, from twenty-four hours before each concert begins and until twenty-four hours following the completion of each performance listed in Exhibit A.

4. All infringing goods, all records, and any other materials seized hereunder shall be delivered to the custody of the Court. The seized goods shall be kept in identifiable containers and stored at Plaintiff's expense.

5. Simultaneously with any seizure pursuant to the terms of this Order, or as soon as is practical under the circumstances, each named Defendant shall be served with a copy of (i) this Order and (ii) a Summons and the Verified Complaint in this action.

6. Defendants shall cooperate with Enforcement Officials who are executing seizure pursuant to this Order and shall provide items sought to be seized wherever such items are located.

4

Case 3:12-cv-00263 Document 22-1 Filed 05/17/12 Page 4 of 5 PageID #: 230
Case 3:12-cv-00263 Document 23 Filed 05/18/12 Page 4 of 5 PageID #: 235

7. Persons who have had goods seized pursuant to this Order are required to provide the persons executing this Order with correct names, residential and business addresses, telephone numbers, and other identifying information.

8. Plaintiff has posted security, in the form of a cash bond or corporate surety bond or other form approved by the Court, in the amount of $10,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

9. As to the Defendants not yet served with process, the Court extends the March 23, 2012 Temporary Restraining Order (Docket No. 7) for an additional sixty days in order to allow Plaintiff additional time to serve those Defendants in conjunction with Plaintiff's 2012 Tour.

Enter this 18th day of May, 2012 at 12:35 p.m.

_____
U.S. DISTRICT COURT JUDGE JOHN T. NIXON

APPROVED FOR ENTRY:

s/ John R. Jacobson
John R. Jacobson, #14365
Chris Vlahos, #20318
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
jjacobson@rwjplc.com
cvlahos@rwjplc.com

Attorneys for Plaintiff Eric Church

5

Case 3:12-cv-00263   Document 22-1   Filed 05/17/12   Page 5 of 5 PageID #: 231
Case 3:12-cv-00263   Document 23   Filed 05/18/12   Page 5 of 5 PageID #: 236